UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                              Criminal Case No. 13-20489
v.                                             Honorable Linda V. Parker

MARK J. CARPENTER,

      Defendant.
_____/

## **OPINION AND ORDER GRANTING GOVERNMENT'S MOTION TO FIND ATTORNEY-CLIENT PRIVILEGE WAIVED**

This case is before the Court on the Government's motion to find that Defendant waived the attorney-client privilege by asserting ineffective assistance of counsel claims in his pending 28 U.S.C. § 2255 motion.[1] (ECF No. 87.) For the reasons below, the Court is granting the Government's motion.

## **I. Background**

On December 9, 2014, following a multi-day trial, a jury convicted Defendant of one count of mail fraud and thirty-six counts of wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, respectively. This Court sentenced Defendant on May 11, 2015, to a term of imprisonment of 125 months on each count, to run concurrently. (ECF No.

---

[1] In the motion, the Government also requested an extension of time to respond to Defendant's § 2255 motion. In an order entered November 3, 2017, this Court granted the Government's request and extended the deadline for the Government's response to sixty (60) days after entry of the Court's decision on the attorney-client waiver issue. (ECF No. 89.)

43.) Defendant appealed, raising a sufficiency of the evidence claim and ineffective assistance of counsel claims related to the performance of his trial counsel and his substituted counsel at sentencing.

While Defendant's appeal was pending, he filed a "Motion for Judgment of Acquittal, or, in the Alternative, Motion for New Trial, or, in the Alternative, Motion for Re-Sentencing." (ECF No. 64.) Defendant sought an acquittal or new trial, arguing that there was insufficient evidence to convict him. Defendant also argued that he was entitled to a new trial due to ineffective assistance of trial counsel in connection with counsel's examination of his financial records, review of a Government exhibit, and advice to Defendant regarding his right to testify. Defendant further asserted that his substitute sentencing counsel was ineffective because he had a conflict of interest and failed to file post-trial motions.

On April 26, 2016, this Court entered an opinion and order denying Defendant's motion. (ECF No. 75.) The Court found sufficient evidence to support the jury's guilty verdict and concluded that Defendant failed to satisfy his burden of showing that counsel was ineffective or that any ineffectiveness caused him prejudice. Defendant appealed this decision, as well.

The Sixth Circuit thereafter entered an order affirming Defendant's convictions on direct appeal. *United States v. Carpenter*, 676 F. App'x 397 (6th Cir. 2017). In its decision, the appellate court declined to reach Defendant's ineffective assistance of

counsel claims related to his trial and sentencing attorneys' performances.[2] *Id*. at 401. The court noted that such claims generally may not be raised on direct appeal, but should be brought in a post-conviction proceeding under § 2255. *Id.*

Heeding the Sixth Circuit's advice, Defendant filed the pending § 2255 motion on August 7, 2017. (ECF No. 81.) In the motion, Defendant contends that his trial counsel, Edward Wishnow, was ineffective for failing to interview and call favorable witnesses. Defendant also argues that Mr. Wishnow failed to explain the tactical advantages and disadvantages of Defendant exercising his right to testify. The Court ordered the Government to respond to Defendant's motion on or before September 19, 2017. (ECF No. 83.) The Court subsequently extended this deadline to November 3, 2017. (ECF No. 86.)

On October 17, 2017, the Government filed its motion asking the Court to find that Defendant waived the attorney-client privilege by raising his ineffective assistance of counsel claims in his § 2255 motion. (ECF No. 87.) The Government argues that to address Defendant's claims, it must interview Mr. Wishnow regarding the advice he gave Defendant and their discussions about witnesses and trial strategy.

---

[2] The Sixth Circuit did reach a decision with respect to Defendant's argument that this Court should have held a hearing under Federal Rule of Criminal Procedure 44(c) before appointing his sentencing attorney to represent him. *See Carpenter*, 676 F. App'x at 401-02. The Sixth Circuit held that Rule 44(c) did not apply. *Id.*

3

## II. Analysis

"There is no question that the attorney-client privilege remains applicable in habeas proceedings," but "[t]he privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance." *In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005). The extent of that waiver is limited, however, and should not be construed to permit disclosure of more information than necessary to litigate the ineffective assistance claims. *Id*. at 453-54 (citing *Mason v. Mitchell*, 293 F. Supp. 2d 819, 823-24 (N.D. Ohio 2003)). Where a court finds a waiver, it should be "no broader than needed to ensure the fairness of the proceedings before it." *Id*. at 453 (quoting *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003)).

In the present matter, Defendant has placed Mr. Wishnow's performance and strategic decisions at issue by claiming that he failed to interview and call certain witnesses to provide testimony in favor of Defendant and that he failed to properly advise Defendant of his right to remain silent and not testify. As such, Defendant has impliedly waived the attorney-client privilege to the extent reasonably necessary to litigate those claims. Thus, the Government may interview Mr. Wishnow; however, the interview must be limited to what is reasonably necessary to respond to the allegations expressly raised in Defendant's § 2255 motion. Mr. Wishnow shall not discuss other aspects of his representation of Defendant with the Government. Any

4

information gleaned from these discussions may be used only in connection with these § 2255 proceedings, including any appeal.

### III. Conclusion

For the reasons stated above, the Court **GRANTS** the Government's motion and finds that Defendant has waived the attorney-client privilege to the extent reasonably necessary to litigate the claims he raises in his pending § 2255 motion. Accordingly, the Court authorizes Mr. Wishnow to respond to the Government's inquiries regarding his representation of Defendant. This authorization is limited to the extent reasonably necessary to address the specific allegations asserted by Defendant in his § 2255 motion. Finally, the information disclosed may be used only during these § 2255 proceedings, including any appeal.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 16, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 16, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager